**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Susan Bala and RSI Holdings, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANT** |
| vs. | ) | **CICHY'S MOTION FOR ATTORNEY'S** |
| | ) | **FEES AND COSTS** |
| Wayne Stenehjem, Paul Bowlinger, | ) | |
| Howard W. Wrigley, and Drew Wrigley, | ) | |
| in their individual capacities,  and | ) | Case No. 1:09-cv-015 |
| Michael Cichy, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Michael Cichy's "Motion for Attorney Fees and Costs" filed on December 15, 2009.  See Docket No. 37.  The Plaintiffs filed a response in opposition to the motion on December 28, 2009.  See Docket No. 41.  Cichy filed a reply brief on January 8, 2010.  See Docket No. 46.  For the reasons set forth below, the motion is granted in part and denied in part.

I.     **BACKGROUND**

On April 7, 2009, the plaintiffs, Susan Bala and RSI Holdings, Inc., filed an action in federal district court, alleging violations of 42 U.S.C. § 1983, liability under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and interference with business and prospective advantage.  See Docket No. 1.  On May 1, 2009; May 27, 2009; June 1, 2009; and June 25, 2009, the Defendants filed motions to dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Docket Nos. 5, 10, 12, and 15.  On November 30, 2009, the Court issued an order granting the Defendants' motions to dismiss, and judgment was entered

accordingly.  See Docket Nos. 35 and 36.  Defendant Michael Cichy now moves for attorney's fees and costs.


## II.      ATTORNEY'S FEES

Cichy moves for attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, Local Civil Rule 54.1(B), and 42 U.S.C. § 1988(b).  Both Fed. R. Civ. P. 54(d)(2) and D.N.D. Civ. L.R. 54.1(B), in effect on November 30, 2009, the date judgment was entered, required that the motion for attorney's fees be filed no later than fourteen (14) days after entry of judgment, but allowed three (3) additional days for mailing (Fed. R. Civ. P. 6(d); D.N.D. Civ. L.R. 6.1).  Cichy's motion for attorney's fees was timely filed on December 15, 2009.

42 U.S.C. § 1988(b) provides that the district court may award reasonable attorney's fees to the prevailing party, other than the United States, in a 42 U.S.C. § 1983 action.  In Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 604-05 (2001), the United States Supreme Court held that in order to be a prevailing party there must be a "material alteration of the legal relationship of the parties" that was judicially sanctioned.  Thus, a party that secures an enforceable judgment on the merits or a court-ordered consent decree is a prevailing party. Id. at 604.  "To be a prevailing party, a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought."  Keene Corp. v. Cass, 908 F.2d 293, 298 (8th Cir. 1990).  Dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a judgment on the merits.  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394,  399 n.3 (1981).

In an order dated November 30, 2009, the Court granted the Defendants' Rule 12(b)(6) motions to dismiss for failing to state a claim upon which relief can be granted, and judgment was entered

accordingly.  See Docket Nos. 35 and 36.  The dismissal is an enforceable judgment on the merits.

Accordingly, the Court finds that Cichy is a prevailing defendant in this case.

> The Eighth Circuit has clarified when a prevailing defendant is entitled to attorney's fees:

> A prevailing defendant, however, "'is entitled to attorney's fees only in very narrow circumstances.'"  "'[A] plaintiff should not be assessed his opponent's attorney's fees'" unless the district court "'finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"  Even "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by [Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)]."  Rather, "[s]o long as the plaintiff has 'some basis' for [his] claim, a prevailing defendant may not recover attorneys' fees."

Williams v. City of Carl Junction, Mo., 523 F.3d 841, 843 (8th Cir. 2008) (internal citations omitted).

In its order granting the Defendants' motions to dismiss, the Court found that the Plaintiffs relied on mere speculation to support their allegation that a conspiracy existed between Cichy and the other Defendants to ruin the gambling success of RSI Holdings, Inc.  The evidence reveals that Cichy met with Paul Bowlinger, Attorney General Stenehjem, and former United States Attorney Drew Wrigley to discuss whether Susan Bala was running an illegal parimutuel gambling operation. Although Cichy prevailed in this action, the Court is unable to conclude that the Plaintiffs' claims were so patently without merit as to find them frivolous, unreasonable, or groundless, or that the Plaintiffs unreasonably continued to litigate.  Accordingly, Cichy's motion for attorney's fees is **DENIED**.

## III.   COSTS

Cichy also moves for the entry of an order awarding him costs in the amount of $69.96 pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1(A). Judgment was entered in favor of the Defendants on November 30, 2009.  See Docket No. 36.  Cichy

filed the motion for attorney's fees and costs on December 15, 2009, fifteen days after judgment was entered.

Rule 54(d)(1) of the Federal Rules of Civil Procedure, in effect at that time judgment was entered, provided, in relevant part:

> **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.

At the time the motion was filed, local civil rules required a prevailing party to file a motion for costs within fourteen (14) days after entry of judgment, but allowed three (3) additional days for mailing. See D.N.D. Civ. L.R. 6.1 and D.N.D. Civ. L.R. 54.1(A). The Court finds that Cichy's motion for costs was timely filed under Fed. R. Civ. P. 54(d)(1) and D.N.D. Civ. L.R. 54.1(A).

Cichy, as the prevailing party, is entitled to recover costs from the Plaintiffs. Cichy has filed a Bill of Costs seeking the following costs:

> Fees for printing, exemplification and copies of papers necessarily obtained for use in the case  28 U.S.C. § 1920                   $49.96
>
> Docket fees under 28 U.S.C. § 1923                   20.00
>                                               _____
>
> Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $69.96

See Docket No. 39. Taxation of costs is governed by 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure. "Under 28 U.S.C. § 1920, a judge or court clerk 'may tax as costs' fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters." Briscoe-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (quoting 28 U.S.C. § 1920).

28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

> (1)  Fees of the clerk and marshal;
>
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)  Docket fees under section 1923 of this title;
>
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

It is clear that 28 U.S.C. § 1920 covers the costs which Cichy requests. "There is no requirement under Rule 54 that a district court provide a detailed review or analysis of every item of cost it awards; rather, '[a] prevailing party is presumptively entitled to recover all of its costs.'" Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896-97 (8th Cir. 2009) (quoting Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006)). The Court finds that the costs listed in Cichy's Bill of Costs are reasonable and compensable. Cichy's motion for costs is **GRANTED**. Cichy is awarded costs in the amount of $69.96, to be taxed by the Clerk against the Plaintiffs.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

5